# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| ROBBIE L FULLER | § | |
| | § | |
| V. | § | CASE NO. 4:14-CV-663 |
| | § | |
| COMMISSIONER OF SOCIAL | § | |
| SECURITY ADMINISTRATION | § | |

## REPORT AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

The Plaintiff brings this appeal under 42 U.S.C. § 405(g) for judicial review of a final decision of the Commissioner denying her claim for Disability Insurance Benefits ("DIB"). After carefully reviewing the briefs submitted by the parties, as well as the evidence contained in the administrative record, the Court finds that the Commissioner's decision should be **AFFIRMED.**

## HISTORY OF THE CASE

Plaintiff, Robbie L. Fuller, filed an Application for Disability Insurance Benefits on September 29, 2006. (Tr. 135-140). Subsequent to prior administrative denials, a timely Request for Hearing before an Administrative Law Judge, hereinafter referred to as the ALJ, was filed on June 13, 2007. (Tr. 79). An unfavorable decision was issued by the ALJ on April 29, 2009. (Tr. 12-28). A Request for Review of Hearing Decision/Order was then filed on July 2, 2009. (Tr. 10). A Notice of Appeals Council Action, denying Plaintiff's Request for Review of the Administrative Law Judge's Decision, was issued on March 4, 2010. (Tr. 104). A suit was timely filed on May 27, 2010, ultimately resulting in the issuance of a Final Judgment on January 20, 2012 remanding the claim to the Defendant. (Tr. 1370-1382).

An unfavorable decision was issued by another ALJ on March 6, 2013. (Tr. 1283-1316). Written exceptions to the decision were then filed on April 8, 2013. (Tr. 1280-1281). Additional written exceptions were filed on June 20, 2013 (Tr. 1268-1276). The Appeals Council, in a document dated June 25, 2014, declined to accept jurisdiction in this matter. (Tr. 1262-1265). The current suit was timely filed on October 17, 2014.

## ADMINISTRATIVE LAW JUDGE'S FINDINGS

After considering the record, the ALJ made the prescribed sequential evaluation. The ALJ made the following findings:

1. The claimant meets the insured requirements of the Social Security Act through the date of December 31, 2008.

2. The claimant has not engaged in substantial gainful activity since June 26, 2006, the alleged onset date (20 CFR 404.1520(b) and 404.1571 *et seq*.).

3. The claimant has the following severe impairments that could be expected to interfere with the ability to work: status post laminectomy, migraine headaches, left optic atrophy, fibromyalgia, varicose veins in the bilateral lower extremities, status post laser ablation in the right lower extremity, depression/adjustment disorder, and somatoform disorder. (20 CFR 404.1520(c).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P. Appendix 1 (20 CFR §§404.1520(d), 404.15256).

5. The residual functional capacity produced by the medically determinable impairments permits lifting of 10 pounds, occasionally, and to frequently lift and/or carry less than 10 pounds. The claimant can stand or walk for 2 hours in an 8 hour work day and sit for 6 hours in an 8 hour work day as defined by regulations at 20 CFR § 404. The claimant should avoid climbing, using ropes, scaffolds, ladders, and crawling. The claimant can balance, squat/kneel, and stoop/bend occasionally. The claimant should also avoid cold and heat extremes, wetness, humidity, vibrations, fumes, odors, and hazards and machinery. The claimant has the ability to understand, carry out, and remember short and simple tasks and

instructions. She should be limited to occasional public contact and should not be required to perform forced pace or assembly line tasks. The claimant should have work that requires only occasional co-worker or supervisory interaction.

6. Through the date last insured, the claimant was unable to perform any past relevant work (20 CFR 404.1565).

7. The claimant was born on February 10, 1967 and was 41 years old, which is defined as younger individual age 18-49, on the date last insured (20 CFR 404.1563).

8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41) and 20 CFR Part 404, Subpart P, Appendix 2.

10. Through the date last insured, considering the claimant's age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that the claimant could have performed (20 CFR 404.1569 and 404,1569(a)).

11. The claimant was not under a disability, as defined in the Social Security Act, at any time from June 26, 2006, the alleged onset date, through December 31, 2008, the date last insured (20 CFR 404.1520(g)).

(Tr. 1286-1306).

## STANDARD OF REVIEW

Judicial review of the Commissioner's final decision of no disability is limited to two inquiries: whether the decision is supported by substantial evidence in the record, and whether the proper legal standards were used in evaluating the evidence. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). If supported by substantial evidence, the Commissioner's findings are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 390 (1971). Substantial evidence is

more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.* at 401. The Court may not reweigh the evidence in the record, try the issues *de novo*, or substitute its judgment for that of the Commissioner. *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1995). A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the decision. *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988). The Court is not to substitute its judgment for that of the Commissioner, and reversal is permitted only "where there is a conspicuous absence of credible choices or no contrary medical evidence." *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983).

The legal standard for determining disability under Titles II and XVI of the Act is whether the claimant is unable to perform substantial gainful activity for at least twelve months because of a medically determinable impairment. 42 U.S.C. §§ 423(d), 1382c(a)(3)(A); *see also Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). In determining a capability to perform "substantial gainful activity," a five-step "sequential evaluation" is used, as described below.

## **SEQUENTIAL EVALUATION PROCESS**

Pursuant to the statutory provisions governing disability determinations, the Commissioner has promulgated regulations that establish a five-step process to determine whether a claimant suffers from a disability. 20 C.F.R. § 404.1520 (1987). First, a claimant who, at the time of his disability claim, is engaged in substantial gainful employment is not disabled. 20 C.F.R. § 404.1520(b) (1987). Second, the claimant is not disabled if his alleged impairment is not severe, without consideration of his residual functional capacity, age, education, or work experience. 20 C.F.R. § 404.1520(c) (1987). Third, if the alleged impairment is severe, the claimant is considered

disabled if his impairment corresponds to an impairment described in 20 C.F.R., Subpart P, Appendix 1 (1987). 20 C.F.R. § 404.1520(d) (1987). Fourth, a claimant with a severe impairment that does not correspond to a listed impairment is not considered to be disabled if he is capable of performing his past work. 20 C.F.R. § 404.1520(e) (1987).

At the fifth step, it must be determined whether claimant could perform some work in the national economy. A claimant who cannot return to his past work is not disabled if he has the residual functional capacity to engage in work available in the national economy. 20 C.F.R. § 404.1529(f) (1987); 42 U.S.C. § 1382(a).

At this juncture, the burden shifts to the Commissioner to show that there are jobs existing in the national economy which Plaintiff can perform, consistent with his medically determinable impairments, functional limitations, age, education, and work experience. *See Bowen v. Yuckert*, 482 U.S. 137 (1987). Once the Commissioner finds that jobs in the national economy are available to the claimant, the burden of proof shifts back to the claimant to rebut this finding. *See Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990).

In this case, a determination was made at the fifth step.

## **ANALYSIS**

Plaintiff brings several points of error in her appeal from the ALJ's decision. As noted, Judge Mazzant remanded Plaintiff's case for consideration of Plaintiff's somatoform condition. The case was then considered by another ALJ, and an unfavorable decision was rendered. This Court also affirmed an earlier case brought by Plaintiff.

Plaintiff's first point of error is that the ALJ erred in misstating the definition of a severe impairment. Plaintiff concedes the ALJ did reference the correct standard in his opinion but used

the incorrect standard in another part of his analysis. The ALJ also specifically references *Stone v. Heckler* in his opinion which is sufficient in this Circuit to avoid a presumption that an incorrect standard as to severity was used. Numerous Fifth Circuit authorities state that reversal based on a *Stone* error is not required if the ALJ does not terminate the case at step two of the sequential analysis. *See Adams v. Bowen,* 833 F.2d 509, 512 (5th Cir. 1987) (finding that appellant's argument that the ALJ erred in failing to find her back problems severe was not grounds for a remand because the case did not implicate the "non-severity" of plaintiff's condition since the ALJ continued through step four of the sequential analysis); *Jones v. Bowen,* 829 F.2d 524, 527 n. 1 (5th Cir. 1987) (no *Stone* error where ALJ properly found that the claimant's hypertension was mild and proceeded through step five, rather than denying benefits "prematurely ... based on an improper determination of 'non-severity' "); *Chaparro v. Bowen,* 815 F.2d 1008, 1011 (5th Cir. 1987) (noting that even though the ALJ failed to cite to *Stone,* the claimant's *Stone* argument was "irrelevant to the disposition of the case" because the case was not decided at step two; specifically, the ALJ found that the claimant could return to his past relevant work, "an inquiry unaffected by the test set forth in *Stone*"); *Lopez v. Bowen,* 806 F.2d 632, 634 n. 1 (5th Cir. 1986) (no *Stone* error occurred where the ALJ found that the claimant did suffer from "severe" impairments, but found that the impairments did not prevent him from doing his past relevant work); *see also Anthony v. Sullivan,* 954 F.2d 289, 294 (5th Cir. 1992) (stating that "*Stone* merely reasons that the [severity] regulation cannot be applied to summarily dismiss, *without consideration of the remaining steps in the sequential analysis,* claims of those whose impairment is more than a slight abnormality" and noting that if the claimant does not have a "severe" impairment, the ALJ typically will deny the claim without consideration of the remaining steps in the sequential analysis) (emphasis added).

The Court further notes that when the ALJ proceeds past step two of the sequential evaluation process, it is presumed that the ALJ found that a severe impairment existed unless the ALJ states otherwise. *See Jones v. Astrue*, 821 F. Supp. 2d 842, 849-50 (N.D. Tex. 2011) (citing *Reyes v. Sullivan,* 915 F.2d 151, 154 & n. 1 (5th Cir. 1990) (court could infer that the ALJ found that the claimant's hypertension was a severe impairment because the ALJ found at step four that the hypertension did not prevent the claimant from performing his past relevant work); *Mays v. Bowen,* 837 F.2d 1362, 1364 (5th Cir.1988) (holding that the ALJ did not err in not explicitly finding an impairment severe where the ALJ reached the fifth step of the sequential analysis in evaluating the claim and, as a result, implicitly found a severe impairment to exist); *Shipley v. Bowen,* 812 F.2d 934, 935 (5th Cir. 1988) (court could infer that the ALJ found that the claimant's back injury was a severe impairment because the ALJ found that the injury did not meet or equal a listed impairment and did not prevent the claimant from working as a security guard); *Moon v. Bowen,* 810 F.2d 472, 473 (5th Cir.1987) (noting that the ALJ implicitly found that a severe impairment existed because he proceeded to step five)). Plaintiff's first point of error should be overruled.

Plaintiff next contends that the ALJ's statement that he is entitled to piece together the relevant medical facts from the findings and opinions of multiple physicians while citing other circuit law is inappropriate. The Court does not find that the ALJ acted inappropriately. In any event, Plaintiff cites to no Fifth Circuit authority to show that he did or to show such would be grounds for remand. The Court does not believe that this statement by the ALJ would invoke such an excessively formalistic view of the law that would mandate a reversal. *See generally McClendon v. City of Columbia*, 305 F.3d 314,328 (5th Cir. 2002). That point of error should be overruled.

Next, Plaintiff complains that the ALJ cited to exhibits without page numbers or to medical matters without any reference whatsoever. Plaintiff cites to one specific example in the ALJ's twenty-page opinion. The record is over two thousand pages. No error has been shown, and that point of error should be overruled.

Plaintiff also argues that the ALJ erred in failing to properly review certain records dated after Plaintiff's date last insured. Plaintiff contends that the ALJ cited to one specific record but did not refer to other specific records. Plaintiff contends that this leads to an inconsistent analysis. Plaintiff, however, fails to identify any relevant documents. Retrospective medical diagnoses may constitute relevant evidence of the onset of disability, however, they must at least be corroborated by lay evidence relating back to the claimed period of disability. *See Likes v. Callahan*, 112 F.3d 189,191 (5th Cir. 1997) (per curiam). Plaintiff has failed to point to any evidence that supports her position, and that point of error should be overruled.

In her next point of error, Plaintiff complains that the ALJ did not comply with SSR 96-p in making his credibility determination. The Court disagrees. The ALJ went to great lengths in his analysis (*see* Tr. 300-303), and that point of error should be overrruled.

Plaintiff next complains that the ALJ committed various errors in his vocational analysis. The ALJ's hypothetical to the VE was stated as follows:

> Q: If we assume first that the claimant during this period of time were at a sedentary level, which is the ability to lift ten pounds occasionally or less than ten pounds frequently; could stand or walk only two hours total in an eight-hour day or sit for six hours in an eight-hour day, but she would have to have the ability to get up and stand and stretch for a few minutes in place and kind of change position every 30 to 45 minutes, not leaving the general work zone but just kind of getting up to move about. Would have to avoid any ropes, no climbing, no ladders, no scaffolds, no crawling; could do the other postural activities only at the occasional level. She would have to avoid any cold or heat extremes, wet or

humid environments, avoid vibration, avoid fumes and odors, avoid hazards and machinery. Have her avoid forced pace or assembly line type of production task; has the simple task and instructions; ought to be limited to occasional public contact and have occasional coworker or supervisory interaction. Assuming that residual functional capacity, could she has performed the past work you noted? (Tr. 1340).

The VE stated she could not perform her past relevant work. The ALJ then inquired: with the same restrictions were there jobs in the national economy that Plaintiff could perform to which the VE answered in the affirmative noting several jobs? (Tr. 1341).

Plaintiff's complaint with the ALJ's finding is somewhat confusing. The ALJ does not find that she could perform light work. (Tr. 1305). He notes that her ability to perform light work would be substantially impeded. His hypothetical is directed to sedentary work with the restrictions noted. The Commissioner may rely upon the VE's testimony to satisfy her burden of proof (or persuasion) that Plaintiff is capable of performing alternate jobs in the national economy. *See e.g. Carey v. Apfel*, 230 F.3d 131, 145 (5th Cir. 2000). That point of error should be overruled.

Plaintiff also contends that the ALJ failed to accord greater weight to Dr. Jones' opinion concerning Plaintiff's limitations. The ALJ gave Dr. Jones' opinion little weight. The ALJ outlines in detail his reasons for doing so. He notes that the treatment notes do not back up the doctor's dire prognosis for Plaintiff. Many examinations fail to demonstrate any neurological impairments. He notes other physicians who found no neurological impairments. Although a treating physicians's opinion should ordinarily be given considerable weight, when good cause is shown the ALJ may discount, or even disregard entirely, the opinion of the treating physician. *See Brown v. Apfel*, 192 F.3d 492 at 500 (5th Cir. 1999).

Plaintiff also states that the ALJ did not adequately address her somatoform disorder. Plaintiff contends that the ALJ discussed the treatment of Dr. McGrath but did not refer to other doctors in his analysis. One of the identified doctors is Dr. Vine, a rheumatologist. A review of the records indicates that Plaintiff was not depressed. (Tr. 722). She states on one visit that her depression is better. (Tr. 727). Currently, the doctor notes that she is without complaints as to depression. (Tr. 728). At one point, the doctor states that he is not certain she is even depressed. (Tr. 730). This begs the question as to what the ALJ was to discuss?

Dr. Watts saw her only one time and diagnosed her with somatization disorder, but there is no other record other than this brief reference. Plaintiff fails to cite to the specific exhibits, *i.e.*, as to Dr. Block, by transcript number, and the Court has tried to locate those records but cannot do so in the two thousand pages of exhibits. Maybe the records are under another heading, but Plaintiff has the burden of pointing the court to specific exhibits and why those exhibits warrant consideration by the ALJ. Plaintiff has failed to do so, and any error is waived.

As to failure to discuss other doctors, as noted, any error is harmless. *See Audler v. Astrue,* 501 F.3d 446, 448 (5th Cir.2007) (" 'Procedural perfection in administrative proceedings is not required' as long as 'the substantial rights of a party have not been affected.'" quoting *Mays v. Bowen,* 837 F.2d 1362, 1364 (5th Cir. 1988)); *Falco v. Shalala,* 27 F.3d 160, 163-64 (5th Cir. 1994) ("That [the ALJ] did not follow formalistic rules in his articulation compromises no aspect of fairness or accuracy that this process is designed to ensure."). The ALJ did consider the somatoform condition and found it to be a severe impairment; thus, the ALJ followed the direction of the District Court. The Court finds no error in the ALJ's thorough decision.

# RECOMMENDATION

Pursuant to the foregoing, the Court RECOMMENDS that the decision of the Administrative Law Judge be **AFFIRMED.**

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(c).

A party is entitled to a *de novo* review by the district court of the findings and conclusions contained in this report only if specific objections are made, and failure to timely file written objections to any proposed findings, conclusions, and recommendations contained in this report shall bar an aggrieved party from appellate review of those factual findings and legal conclusions accepted by the district court, except on grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Id.; Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 25th day of February, 2016.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE