# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| ROBBIE L. FULLER,<br>    Plaintiff | § § § | |
| V. | § § | CASE NO. 4:14CV663 |
| COMMISSIONER OF SOCIAL<br>SECURITY ADMINISTRATION,<br>    Defendant | § § § | Judge Mazzant/Judge Bush |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636. On February 25, 2016, the report of the Magistrate Judge was entered containing proposed findings of fact and recommendation that the decision of the Administrative Law Judge ("ALJ") be AFFIRMED.

On March 15, 2016, Plaintiff filed objections to the Magistrate Judge's report (*see* Dkt. #17), objecting to his recommendation to affirm the ALJ decision.

The Court has made a *de novo* review of the objections raised by Plaintiff and is of the opinion that the findings and conclusions of the Magistrate Judge are correct, and the objections are without merit as to the ultimate findings of the Magistrate Judge.

Plaintiff's objections merely reassert the same points of error already addressed by the Magistrate Judge in his report and fail to provide any new information or legal arguments to support her position. Judicial review of the Commissioner's final decision is limited to two inquiries: whether the decision is supported by substantial evidence in the

record and whether the evidence was evaluated under the proper legal standard. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994).

Plaintiff first objects to the Magistrate Judge's finding that the ALJ did not err in misstating the definition of a severe impairment. As the Magistrate Judge outlined in his report, reversal is not required based on a *Stone* error. *See Stone v. Heckler*, 752 F.2d 1099 (5th Cir. 1985). As the Magistrate Judge noted, the ALJ's specific reference to *Stone* in his decision is sufficient to avoid a presumption that an incorrect standard as to severity was used. The Magistrate Judge also cited numerous Fifth Circuit authorities stating that reversal based on a *Stone* error is not required where, as here, the ALJ does not terminate the case at step two of the sequential analysis. Plaintiff's first objection is overruled.

Plaintiff next objects that the Magistrate Judge erred in not finding that the ALJ's statement that he is entitled to piece together the relevant medical facts from the findings and opinions of multiple physicians was inappropriate. *See* Dkt. #17 at 2. In his report, the Magistrate Judge noted that Plaintiff cited no Fifth Circuit authority to show that the ALJ acted inappropriately or that his actions warrant remand. Plaintiff's objections still offer no authorities to support her position, and the Court finds no error in the Magistrate Judge's findings.

The Court also finds that the Magistrate Judge made no error with regard to Plaintiff's third and fourth objections, both of which complain about trivial deficiencies and/or inconsistencies in the ALJ's citations to the administrative record. Although Plaintiff's objections refer the Court to her initial brief ("Plaintiff's Brief" or "Brief") as support for her arguments, the Court finds nothing in Plaintiff's Brief to support these two

claims of error. As the Magistrate Judge noted, the record is over two thousand pages, and Plaintiff cited only one specific example of a citation to an exhibit without a specific page number and failed to identify any relevant documents to show an inconsistent analysis on the part of the ALJ. Even if the ALJ improperly cited to the record in his report, this does not constitute a basis for remand unless the improprieties would cast into doubt the existence of substantial evidence to support the ALJs decision. *See Morris v. Bowen*, 864 F.2d 333, 335 (5th Cir.1988). Here, there is substantial evidence in the record to support the ALJ's findings, and any error due to a missing page number or other citation error is harmless. The Court, therefore, finds no merit to Plaintiff's third and fourth objections.

The Court has also reviewed Plaintiff's remaining objections and finds them to be meritless. The Magistrate Judge's report specifically addresses the ALJ's credibility finding and found that it was supported by substantial evidence. As to Plaintiff's objections regarding the weight assigned to the opinions of her various treating physicians (including treatment related to somatoform disorder), the ALJ is free to assign little or no weight to the opinion of any physician for good cause. *Perez v. Barnhart*, 415 F.3d 457, 466 (5th Cir. 2005). Recognized "good cause" exceptions include disregarding statements that are brief and conclusory, not supported by medically acceptable clinical laboratory diagnostic techniques, or otherwise unsupported by the evidence. *Id*. (internal citations and quotations omitted). As the Magistrate Judge noted, the ALJ detailed his reasons for assigning the weights he did, and they are all supported by "good cause." The Court also finds no error in the ALJ's vocational analysis. As the Magistrate Judge noted, the ALJ's

hypothetical to the vocational expert was directed to Plaintiff's ability to do sedentary work with the noted restrictions, not to light work as Plaintiff's objections assert.

The record here clearly demonstrates that substantial evidence supports the ALJ's decision. The Court thus finds no merit to Plaintiff's objections.

Therefore, the Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court.

It is therefore ORDERED that the decision of the Administrative Law Judge is **AFFIRMED**.

    **IT IS SO ORDERED.**

    SIGNED this 22nd day of March, 2016.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE